UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELINDA BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-01590- |
| | ) |
| IU HEALTH SOUTHERN INDIANA | ) |
| PHYSICIANS, | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Melinda Baker, (hereinafter "Ms. Baker") by counsel, and files her Complaint against Defendant, IU Health Southern Indiana Physicians (hereinafter "Defendant") and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. §623 and for retaliation against employee for engaging in a protected activity.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over any state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject

matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over any state law matters alleged in this Complaint.

## PARTIES

4. Ms. Baker, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title.

5. At all time relevant hereto, Ms. Baker was an "employee" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(f), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(i).

6. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

7. At all times relevant hereto, the Defendant was an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e(b), and/or the Indiana Civil Rights Law, Ind. Code § 22-9-1-3(h).

8. Defendant is a domestic for-profit corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

9. On or about February 19, 2020, Mrs. Baker filed charges of age discrimination, and retaliation for engaging in a protected activity with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-01952.

10. On or about March 19, 2020, the EEOC mailed its Notice of Right to Sue for Charge Number 470-2020-01952, entitling her to commence action within ninety (90) days of

her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

11. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

**FACTS**

12. Ms. Baker was employed for approximately fourteen (14) years.

13. Throughout her employment with Defendant, Ms. Baker met or exceeded Defendant's legitimate expectations of performance.

14. In fact, she always received positive performance evaluations.

15. She had no issues until a new manager, Kristen Hutton, became in charge.

16. In March of 2019, Ms. Baker was demoted after Ms. Hutton decided that she was no longer performing her duties.

17. However, Ms. Baker continued to perform the same tasks as she always had and the demotion was unfair and unwarranted.

18. In April of 2019, Ms. Baker was falsely written up by Kristen Hutton for cursing.

19. The alleged incident was overheard by a patient.

20. However, the patient did not actually see the person who cursed but supposedly identified Ms. Baker from her voice.

21. Ms. Baker was never given the name of the patient or the date this alleged incident occurred.

22. Despite not being given an adequate chance to defend herself, and despite her repeated denials that such an incident ever occurred, she was disciplined.

23. In fact, she received the highest discipline before reaching termination.

24. This was because the alleged incident was included gross misconduct.

25. Ms. Hutton repeatedly harassed Ms. Baker.

26. She often would harass Ms. Baker about the hours that she worked including when she came in as well as her overtime.

27. She singled out Ms. Baker and did not harass other employees.

28. Ms. Baker's coworkers all noticed the harassment that Ms. Hutton subjected Ms. Baker to.

29. It became so apparent and unfair that Ms. Baker, along with nine (9) of her coworkers, held a meeting with Bridgid Thomas on November 14, 2019 to address Ms. Hutton's management skills and more specifically Ms. Hutton's harassment against Ms. Baker.

30. Ms. Thomas specifically asked Ms. Baker if she felt like she was being targeted by Ms. Hutton and Ms. Baker affirmed that she did.

31. Ms. Baker also stated that she feared that Ms. Hutton would terminate her in retaliation for telling Ms. Thomas about the harassment that she was being subjected to.

32. Ms. Thomas relayed to everyone, including Ms. Baker, that she would discuss everything with Ms. Hutton, including her treatment of Ms, Baker.

33. A couple of days later there was mandatory POC training.

34. Ms. Hutton failed to inform Ms. Baker or her co-workers who were present at the meeting on November 14, 2019 about the mandatory training.

35. Then, on November 26, 2019, a little less than two weeks after the meeting with Ms. Hutton, Ms. Baker was terminated.

36. The reason given to Ms. Baker by Ms. Hutton for her termination was cussing.

37. Ms. Baker denied the allegation and asked when the incident allegedly occurred.

38. Ms. Hutton told her that she would not tell her the date of the alleged incident.

39. Ms. Hutton did tell Ms. Baker that she had signed statements from two of Ms. Bakers coworkers detailing the cussing incident.

40. When Ms. Baker asked her to submitted the statements, she was told that she could not receive the information.

41. Again, like with the previous allegation of Ms. Baker cussing in April, Ms. Baker was not allowed to investigate to allegations against her.

42. However, this time it resulted in her being terminated.

## COUNT I

## DISCRIMINATION ON THE BASIS OF AGE

43. Ms. Baker hereby incorporates by reference paragraphs 1 through 42 as though previously set out herein.

44. At all times relevant to this action, Ms. Baker was over 40 as that term is defined by statute.

45. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Baker's Age.

46. The Defendant intentionally and willfully discriminated against Ms. Baker because she is over 40.

47. Similarly situated younger employees were treated more favorably in the terms of privileges, and conditions of their employment.

48. Defendant's actions were intentional, willful and in reckless disregard of Ms. Baker's rights as protected by the ADEA.

49. Ms. Baker has suffered emotional and economic damages as a result of Defendant's unlawful actions.

50. Ms. Baker has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION

51. Ms. Baker hereby incorporates by reference paragraphs 1 through 50 as though previously set out herein.

52. Defendant left Ms. Baker in an environment that was hostile and she was being harassed after she made complaints of harassment without correcting the environment.

53. Defendant finally terminated Ms. Baker in retaliation for reporting harassment.

54. Mrs. Poe was terminated due to the complaints that she made related to the harassment that she was subjected to.

55. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of the Plaintiff's rights as an employee, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of the Plaintiff's employment.

## **REQUESTED RELIEF**

WHEREFORE, Ms. Baker, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Baker her lost wages, unpaid bonuses and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement.

c. compensatory damages;

d. punitive damages;

e. liquidated damages

f. lost future wages

g. All costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post-judgment interest; and

i. Provide to Ms. Baker all other legal and/or equitable relief this Court sees fit to grant.

## **DEMAND FOR JURY TRIAL**

Ms. Baker, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Tiffany R. Guthrie*
Tiffany R. Guthrie 35878-49
 Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
(317) 843-1991
Tiffany@getstewart.com
Darron@getstewart.com
Attorneys for Plaintiff, Melinda Baker